# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

REBEKAH ANN T.,                                    Case No. 21-CV-409 (NEB/LIB)

     Plaintiff,

                                             ORDER ACCEPTING REPORT AND
v.                                                          RECOMMENDATION

KILOLO KIJAKAZI, Acting
Commissioner of Social Security,

     Defendant.

Plaintiff Rebekah T. seeks judicial review of an Administrative Law Judge's ("ALJ") decision to deny her application for supplemental security income. Plaintiff challenges the ALJ's determination that she is not disabled within the definition of the Social Security Administration Act. Both parties moved for summary judgment on two issues: whether the Acting Commissioner applied the correct legal standard for listed impairment 12.06 and whether substantial evidence supported the ALJ's residual functional capacity ("RFC") determination. (ECF No. 25 at 1; ECF No. 27 at 1–2.) In a Report and Recommendation, United States Magistrate Judge Leo I. Brisbois recommends granting the Acting Commissioner's motion and denying Plaintiff's motion. (ECF No. 29 ("R&R").) Judge Brisbois concluded that the record as a whole supports the

ALJ's decision. (*Id.* at 28.) Because Plaintiff objects to the recommendation, the Court reviews her objections to the R&R *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); D. Minn. LR 72.2(b)(3). After that *de novo* review, the Court agrees with the R&R that "each of Plaintiff's arguments simply ask the Court to reweigh the medical evidence and to come to a different conclusion than the ALJ." (R&R at 7). The Court lacks this authority. *KKC ex rel. Stoner v. Colvin*, 818 F.3d 364, 369 (8th Cir. 2016). As a result, the Court overrules Plaintiff's objection and accepts the R&R.

## BACKGROUND

Plaintiff reports a history of developmental and mental health impairments, including autism, chronic anxiety, and obsessive-compulsive disorder. (R&R at 2.) After completing the twelfth grade in special education, Plaintiff applied for supplemental security income. (ECF No. 25 at 2; R&R at 2.) The Acting Commissioner denied Plaintiff's application. (R&R at 2.) Plaintiff filed a written request for a hearing before an ALJ. (*Id.*) Following a hearing, the ALJ concluded that Plaintiff was not disabled and denied her application for supplemental security income. (*Id.*) Plaintiff objects to the ALJ's decision and the R&R's recommendation that this Court grant the Acting Commissioner's motion for summary judgment. Plaintiff alleges two errors, the ALJ's analysis of: (1) Listing 12.06 and (2) the RFC determination. (ECF No. 30 ("Obj.") at 1.)

Plaintiff asserts that she qualifies for disability benefits under the Paragraph B and Paragraph C criteria under Listing 12.06. (Obj. at 2; R&R at 8.) Plaintiff mainly argues that

the ALJ failed to properly consider the opinions of Dr. Huber, the state's psychological consultant, and Ms. Kotnik, Plaintiff's personal therapist.[1] (R&R at 11, 16–18.) Plaintiff also argues that the ALJ's RFC determination is not supported by substantial evidence. (*Id.* at 22.) Plaintiff asserts that she would have received a substantially higher RFC determination if the ALJ's analysis included some consideration of her mental health limitations and did not discount the opinions of the experts. *Id.*

In addressing Plaintiff's assertions, the R&R explains that "each of Plaintiff's arguments simply ask this Court to reweigh the medical evidence and to come to a different conclusion than the ALJ." (R&R at 7). The R&R approves of the ALJ's decision to discount the opinions of Dr. Huber and Ms. Kotnik as "unpersuasive" because the opinions were not supported by the record as a whole. (*Id.* at 10–11; 17.) The R&R concluded that Plaintiff did not meet her burden of proof based on the record. (*Id.* at 25–28.)

## ANALYSIS

When reviewing the decision of an ALJ to deny benefits, "[t]he Court's task is limited 'to reviewing the record for legal error and to ensuring that the factual findings

---

[1] Plaintiff points to Dr. Huber's opinion that her ability to work was "markedly impaired" by her disability, (R&R at 11), and therapy records with Ms. Kotnik establishing that she had "a mental disorder that [was] serious and persistent for at least 2 years with medical treatment that [was] ongoing" and caused her "minimal capacity to adapt to changes in the environment or demands new to [her] daily life." (R&R at 16–17 (citation and quotation marks omitted).)

are supported by substantial evidence . . . .'" *Blair v. Berryhill*, No. 17-CV-4536 (SER), 2018 WL 3475487, at *6 (D. Minn. July 19, 2018) (quoting *Hensley v. Barnhart*, 352 F.3d 353, 355 (8th Cir. 2003)). Substantial evidence is less than a preponderance of evidence. *Lawson v. Colvin*, 807 F.3d 962, 964 (8th Cir. 2015). It is enough evidence for a reasonable mind to find adequate support of the ALJ's conclusion. *Id.* The Court "will not disturb the denial of benefits so long as the ALJ's decision falls within the available zone of choice." *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011) (citation omitted). Thus, if after review, the Court finds that the record supports two possible but inconsistent positions and one of those positions reflects the ALJ's findings, the Court must affirm the ALJ's decision. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015).

The Court determines that substantial evidence in the record supports the ALJ's finding that Plaintiff could secure employment and was not disabled, as statutorily defined, during the adjudicated period. As explained in the R&R, Plaintiff can independently carry out many of her daily life activities, is her own guardian, and requires only out-patient treatment for her symptoms. (R&R at 9.) Furthermore, Plaintiff's vocational rehabilitation notes report her as a creative and self-aware high school graduate with good reading, writing, and computer skills. (*Id.* at 16.) The ALJ accounted for each of Plaintiff's impairments in the RFC, explained his determinations, and cited the available medical records for support. (*Id.* at 27.) Although the evidence Plaintiff cites might support a different outcome on the ALJ's Listing 12.06 analysis and RFC

determination, "[r]eversal is not warranted . . . merely because substantial evidence would have supported an opposite decision." *Grindley v. Kijakazi*, 9 F.4th 622, 627 (8th Cir. 2021) (citation and quotation marks omitted).

Plaintiff also argues that the ALJ failed to provide legally sufficient reasons for discounting the medical opinions of Dr. Huber and Ms. Kotnik. The Court disagrees. ALJs must "articulate in [their] determination or decision how persuasive [they] find all of the medical opinions and all of the prior administrative medical findings in [the] case record." 20 C.F.R. § 404.1520c(b). Persuasiveness turns largely on whether a medical opinion is supported and consistent. § 404.1520c(b)(2). The Court's review of the record reveals that the ALJ properly discounted the medical opinions of Dr. Huber and Ms. Kotnik because they were not supported by the record as a whole. (R&R at 12–13; 16–18.) Such a determination is legally permissible. *Wagner v. Astrue*, 499 F.3d 842, 848 (8th Cir. 2007) ("The ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole." (citation omitted)). Based on this legal standard and a review of the record, the Court agrees with the R&R's analysis and conclusions.

Based on all the files, records, and proceedings in this case, IT IS HEREBY ORDERED THAT:

1.      Plaintiff's Objection (ECF No. 30) is OVERRULED;

2.      The Report and Recommendation (ECF No. 29) is ACCEPTED;

     3.       Plaintiff's Motion for Summary Judgment (ECF No. 23) is DENIED;

     4.       Defendant's Motion for Summary Judgment (ECF No. 26) is GRANTED; and

     5.       This action is DISMISSED WITH PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: September 27, 2022            BY THE COURT:

                                          s/Nancy E. Brasel
                                          Nancy E. Brasel
                                          United States District Judge